**Opinion filed January 4, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-23-00179-CV

_____

## IN THE INTEREST OF E.K., A CHILD

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C50369**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother of E.K.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2023).  The mother filed a notice of appeal.  We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw and a supporting brief in which she professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without

---

[1]The trial court also terminated the parental rights of the unknown father.  No appeal has been filed on the unknown father's behalf.

merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).

Appellant's attorney sent by electronic mail, express mail, and certified mail to Appellant's last known address a copy of the brief, motion, reporter's record, clerk's record, and a letter explaining Appellant's right to review the record and file a pro se response. This court made efforts to ensure Appellant's access to this court and to apprise her of the pendency of this appeal and of the actions by counsel on appeal. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Appellant's deadline to file a pro se response was December 18, 2023, and no response has been filed.

Here, the trial court found by clear and convincing evidence that Appellant: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department for no less than nine months as a result of the child's removal from the parent for abuse or neglect. *See id.* § 161.001(b)(1)(D), (E), (O). The trial court further found by clear and convincing evidence that termination of Appellant's parental rights to E.K. is in the child's best interest. *See id.* § 161.001(b)(2).

In an ordinary appeal, the Texas Supreme Court has held that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under Section 161.001(b)(1)(D) or (E)." *In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). That court has not decided whether a court of appeals is required to address findings in an *Anders* disposition of a termination of parental rights on predicate grounds (D) or (E). *See In re E.K.*, 608 S.W.3d 815, 815–16 (Tex. 2020) (Green, J., concurring in denial of petition for review) (citing *N.G.*, 577 S.W.3d at 230 (Tex. 2019). We thus decline to do so. *See In re M.R.*, No. 14-22-00747-CV, 2023 WL 2808095, at *1 n.1 (Tex. App.—Houston [14th Dist.] Apr. 6, 2023, no pet.) (mem. op.); *In re J.W.*, No. 10-22-00299-CV, 2022 WL 17341241, at *1 n.1 (Tex. App.—Waco Nov. 30, 2022, pet. denied).

Counsel's *Anders* brief included a review of subsections (D) and (E). We conclude Appellant's counsel has satisfied her duties under *Anders*, *Schulman*, and *Kelly*. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, considered the trial court's findings, particularly as to Family Code Sections 161.001(b)(1)(D) and (E), and agree that Appellant's appeal is without merit.

Counsel for Appellant filed a motion to withdraw in addition to her brief. In light of the Texas Supreme Court's holding in *In re P.M.*, we deny the motion to withdraw because counsel has not shown "good cause" other than the determination that an appeal would be frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). In parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of appeals," "including the filing of a petition for review" in the Texas

Supreme Court. *Id.* at 27–28. "[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.

W. BRUCE WILLIAMS
JUSTICE

January 4, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.